[Cite as *State v. Doyle*, 2019-Ohio-979.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107001**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CARDELL DOYLE**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED IN PART, VACATED IN PART,
AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-617497-A

**BEFORE:** S. Gallagher, P.J., E.A. Gallagher, J., and Headen, J.

**RELEASED AND JOURNALIZED:** March 21, 2019

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: James M. Rice
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113


ON RECONSIDERATION[1]

SEAN C. GALLAGHER, P.J.:

{¶1}   On reconsideration, the original announcement of *State v. Doyle*, 8th Dist. Cuyahoga No. 107001, 2019-Ohio-551, released February 14, 2019, is hereby vacated and substituted with this opinion.   The state timely filed a motion for reconsideration seeking clarification on an issue of law discussed in the original panel decision.   We believe the clarification is necessary to ensure uniformity in the application of the law.

{¶2} Cardell Doyle appeals his conviction, entered following a bench trial, for aggravated robbery and an attendant three-year firearm specification.   He was also sentenced to an additional three-year term for a firearm specification attendant to another theft offense, which had been merged into the aggravated robbery under R.C. 2941.25.   A ten-year aggregate term of

---

[1]The original decision in this appeal, *State v. Doyle*, 8th Dist. Cuyahoga No. 107001, 2019-Ohio-551, released February 14, 2019, is hereby vacated.   This opinion, issued upon reconsideration, is the court's journalized decision in this appeal.   *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

imprisonment resulted, with the two three-year terms on the firearm specifications being imposed to be served prior and consecutive to the four-year sentence for the aggravated robbery offense.

{¶3} The charges stemmed from a carjacking. Doyle and his codefendant robbed the victim at gunpoint during daylight hours, and the entire episode was recorded on a private surveillance camera. Doyle approached the victim with a handgun, which was later found by police in the glove compartment of the vehicle used in the commission of the crime, and demanded that the victim exit her car and give him the keys. Doyle and his codefendant, each driving one of the vehicles, fled the scene. The victim immediately provided the emergency dispatcher with a general description of the offenders, including their respective hairstyles and a general description of their vehicle. The stolen car was rented and had an anti-theft device installed. The rental company was able to track and disable the vehicle, allowing officers to locate the suspects within 30 minutes of the theft.

{¶4} When officers arrived to secure the stolen vehicle, Doyle and the codefendant, both of whom fit the victim's generic description, were seen exiting their vehicle, which was parked near the stolen one. Doyle exited from the front passenger seat. Doyle claims that the officers first saw him in the driveway where their vehicle was parked. Evidently, the testifying officer's notes did not contain any information about where Doyle was located when the officers arrived. The fact that Doyle was seen exiting the codefendant's vehicle, however, was otherwise recorded in the official report generated by another officer. The firearm used during the robbery was found in the glove compartment of the codefendant's vehicle, and forensic evidence placed Doyle in the front passenger seating area. As officers approached the suspects, Doyle fled into a nearby structure. Officers verified that Doyle did not exit the building, and then they obtained a search warrant to enter it. Doyle was found in a wall, hiding behind the insulation.

{¶5} Doyle's identity was the primary issue at trial. The victim's pretrial identification was less than certain and was predominantly based on the generic description provided to the emergency dispatcher. During her trial testimony, the victim was certain Doyle was the person who robbed her at gunpoint. She based her in-court identification on his facial features (his hairstyle had been changed from the day of the crime). The trial court, sitting as the trier of fact, did not rely on the victim's in-court identification. Instead, the trial court considered several other facts that demonstrated identity: (1) Doyle's flight and attempt to evade arrest; (2) Doyle and his codefendant's proximity to the stolen vehicle and that they matched the victim's generic description; (3) the fact that Doyle left forensic evidence in the front, passenger area of the codefendant's vehicle, where the victim saw him sitting before the robbery, and from which officers saw Doyle exit upon arriving at the scene; and (4) the fact that the weapon used in the robbery was found in the glove compartment of that same vehicle in a location consistent with Doyle's seating location.

{¶6} Doyle timely appealed his conviction, advancing five assignments of error, which will be discussed out of order for the sake of continuity. Upon reviewing the sentencing entry, supplemental briefing was sua sponte sought on whether the sentence imposed on the three-year firearm specification attendant to a merged offense could be imposed notwithstanding the merger. Both parties responded. Doyle's assignments of error are overruled, but we reverse the sentence imposed on the firearm specification attendant to the grand theft count, which merged with the aggravated robbery conviction under R.C. 2941.25.

{¶7} In the first assignment of error, Doyle claims that the victim's in-court identification was impermissibly suggestive and that the trial court should have suppressed that identification. There is no error. The trial court agreed with Doyle's sentiment and found that the in-court

identification was unduly suggestive.  Tr. 460:15-25.  Although the identification was not suppressed, the court expressly concluded that the victim's in-court identification of Doyle is not sufficient to prove his identity as the perpetrator of the crime.   Tr. 461:5-7.

{¶8} Instead of relying on the in-court identification, the trial court concluded that Doyle committed the robbery because of (1) the generic description of the offenders, which included their respective hairstyles, that permitted the identification of the suspects as officers arrived to secure the stolen vehicle; (2) the victim's ability to describe the firearm used in the robbery that matched the one found in the glove compartment of the codefendant's vehicle near where Doyle was seen exiting when officers arrived; (3) the testimony of responding officers who witnessed Doyle exit the front passenger seat of the codefendant's vehicle and run into the residential structure; (4) the forensic evidence placing Doyle in the front passenger seat of the codefendant's vehicle near where the recovered firearm was discovered; and (5) the fact that Doyle attempted to conceal himself within the insulation behind the walls in the building into which he fled in an attempt to evade arrest.   Even if, for the sake of discussion, the failure to suppress the in-court identification is assumed to be error at a bench trial, the failure to exclude evidence the trial court expressly rejects is the epitome of harmless error.  Any perceived error with the failure to suppress that evidence could not have affected the substantial rights of the offender under Crim.R. 52(A).

{¶9} In the fourth assignment of error, Doyle claims that the surveillance video was not properly authenticated under Evid.R. 901(A) because "the record is not clear what video [the authentication witness] was identifying; no exhibit number was referenced for purposes of identification."   Notwithstanding the fact that no objection was timely raised to preserve anything but plain error under Evid.R. 103(A)(1), the state identified the video as "State's

Exhibit 2" while playing the video for the witness to authenticate. Tr. 150:16-19. There is no error with the authentication of the video, much less plain error. The record clearly establishes which video was being authenticated.

{¶10} In the second and third assignments of error, Doyle claims his conviction is against the weight of the evidence. Although Doyle couched his second assignment of error in terms of sufficiency of the evidence, he concedes that the argument is based on inconsistencies within that evidence. Those inconsistencies must be resolved in favor of the state. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus ("[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt"); *see also State v. Gordon*, 8th Dist. Cuyahoga No. 93059, 2010-Ohio-777, ¶ 8 (standard for sufficiency of the evidence precludes appellate courts from considering inconsistencies in evidence because the evidence must be considered in a light most favorable to the state). In light of the concession, both assignments of error will be addressed under the weight-of-the-evidence review.

{¶11} When reviewing a claim challenging the weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts or inconsistencies in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Generally, determinations of credibility and weight of the testimony are reserved for the trier of fact. *State v. Lipkins*, 10th Dist. Franklin No.

16AP-616, 2017-Ohio-4085, 92 N.E.3d 82, ¶ 36, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶12} The trier of fact "may take note of the inconsistencies and resolve them accordingly, 'believing all, part, or none of a witness's testimony.'" *Id.*, quoting *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

> An appellate court considering a manifest weight challenge "may not merely substitute its views for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*Id.* at ¶ 37, quoting *State v. Harris*, 10th Dist. Franklin No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387. A conviction will only be reversed as being against the manifest weight of the evidence in the most "'exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Thompkins* at 387, and *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶13} Doyle claims that his conviction for aggravated robbery is against the weight of the evidence. According to Doyle, the fact that the forensic evidence excluded him as a contributor to the samples taken from the stolen vehicle and the recovered firearm, and the fact that one of the police officers failed to include a notation in his unofficial report that Doyle was first seen exiting the codefendant's vehicle demonstrate the manifest injustice. As previously noted, the trial court considered all the evidence, including the arguments defense counsel raised regarding those inconsistencies in the evidence.

**{¶14}** In light of the totality of the record, this is not the exceptional case in which the evidence weighs heavily against the conviction. As the trial court noted, Doyle was found near the stolen vehicle and was seen (and forensically was proven to be) in the vehicle used in the commission of the robbery 30 minutes after the aggravated robbery was reported. He and the codefendant matched the generic descriptions of the offenders provided by the victim, including their respective hairstyles, and both took flight when approached by officers. Doyle then attempted to conceal himself within a wall of the residential building into which he fled, permitting a reasonable inference of the consciousness of guilt. The firearm used during the robbery was found in the glove compartment of the vehicle from which Doyle exited when officers arrived. Further, the trial court considered the forensic evidence excluding Doyle as a contributor to samples collected from the firearm and the stolen vehicle, and expressed its belief that the in-court identification procedures were not enough by themselves to support a conviction. The trial court, nonetheless, based its finding of guilt to aggravated robbery on the totality of the evidence. The aggravated robbery conviction is not against the weight of the evidence.[2]

**{¶15}** And finally, in the fifth assignment of error, Doyle claims his statutory right to a speedy trial was violated. According to Doyle, his trial occurred within 287 calendar days of his arrest, and the trial was therefore untimely under R.C. 2945.71(C).

---

[2]Doyle also challenges the evidence in support of the grand theft and kidnapping offenses. Our conclusion that appellant's aggravated robbery conviction is not against the weight of the evidence necessarily renders any issues with the merged offenses to be harmless error. The final conviction would not be affected by any review of the evidence underlying the merged counts. *State v. Worley*, 8th Dist. Cuyahoga No. 103105, 2016-Ohio-2722, ¶ 23, citing *State v. Powell,* 49 Ohio St.3d 255, 263, 552 N.E.2d 191 (1990); *State v. Croom*, 7th Dist. Mahoning No. 12 MA 54, 2013-Ohio-5682, ¶ 60.

**{¶16}** According to the record in this case, Doyle was being held in Cuyahoga C.P. No. CR-15-597558-A for a probation or community-control violation during the pretrial proceedings in the underlying case. Thus, Doyle was not held in jail "solely" on the pending charge for the purposes of the triple-count provision of R.C. 2945.71(E) and the state had 270 days within which to commence trial. *State v. Martin*, 56 Ohio St.2d 207, 383 N.E.2d 585 (1978), citing *State v. MacDonald*, 48 Ohio St.2d 66, 357 N.E.2d 40 (1976); *State v. Butler*, 8th Dist. Cuyahoga No. 85366, 2005-Ohio-4122, ¶ 29; *State v. Stephens*, 9th Dist. Summit No. 26516, 2013-Ohio-2223, ¶ 13. Doyle concedes the triple-count provision of R.C. 2945.71(E) was inapplicable.

**{¶17}** There is no speedy-trial violation. On June 7, 2017, the state filed a request for discovery under Crim.R. 16 that went unanswered, which tolled the speedy-trial time for a reasonable period. *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 23. Even if only 30 days are attributed to Doyle's failure to respond to discovery and no other tolling event is considered, that alone tolled the speedy-trial time for a sufficient period to satisfy statutory concerns. *See, e.g., State v. Burks*, 8th Dist. Cuyahoga No. 106639, 2018-Ohio-4777, ¶ 38; *State v. Miller*, 11th Dist. Trumbull No. 2010-T-0018, 2010-Ohio-5795, ¶ 58.

**{¶18}** Although Doyle's assigned errors are overruled, we must recognize the existence of a void sentence imposed on the firearm specification attendant to the merged grand-theft offense — the second count of the indictment for which Doyle was found guilty but not sentenced. A void sentence, one imposed without statutory authority, is subject to collateral attack at any time. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 9 (as long as an appeal is timely filed, the defendant and the state may challenge any aspect of a void sentence); *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 22. An appellate

court has inherent authority to vacate a void judgment. *Lingo v. State*, 138 Ohio St.3d 427, 2014-Ohio-1052, 7 N.E.3d 1188, ¶ 48; *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 4 (8th Dist.) (string citing cases setting forth the proposition that a void sentence can be sua sponte addressed).

{¶19} The sentences imposed for firearm specifications are sentencing enhancements. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 219, citing *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, ¶ 16-19, and *State v. Cannon*, 8th Dist. Cuyahoga No. 100658, 2014-Ohio-4801, ¶ 58. As sentencing enhancements, the firearm specifications are not separate offenses capable of standing alone. *State v. Roper*, 9th Dist. Summit Nos. 26631 and 26632, 2013-Ohio-2176, ¶ 10, citing *Ford* at ¶ 9-16 (firearm specification statute does not contain a positive prohibition of conduct under the statute defining "an offense"). The applicability of the specification rises and falls with a conviction on the underlying offense — "[i]n concluding that the firearm specification was not an offense subject to R.C. 2941.25, the [Ohio] Supreme Court stated that, 'the language in these provisions indicates that the firearm specification *is contingent upon an underlying felony conviction*.'" (Emphasis added.) *Id.* at ¶ 10, quoting *Ford* at ¶ 16. Generally speaking, a felony conviction includes both the finding of guilt and the sentence. *Id.*, citing *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 13.

{¶20} There is a distinction, however, between a "final conviction," which includes both the finding of guilt and the sentence as discussed in *Whitfield*, and the word "conviction" used in isolation. We agree with the state that generally in the context of sentencing statutes, "conviction" is not used in the traditional sense as set forth in *Whitfield*. In sentencing statutes, the General Assembly generally placed "convicted" on equal footing with a guilty plea. *State ex*

*rel. Watkins v. Fiorenzo*, 71 Ohio St.3d 259, 260, 1994-Ohio-104, 643 N.E.2d 521. In other words, "convicted" refers only to a determination of guilt and does not include the sentencing component. *Id.* Logically speaking, if a statutory section sets forth the manner in which a sentence is to be imposed, any reference to "convicted" or other similar language must necessarily mean "finding of guilt" because there is no final conviction until the sentence is imposed on the finding of guilt or the guilty plea.

{¶21} R.C. 2929.14(B) generally follows that principle. Under that section, "if an offender who is convicted of or pleads guilty to a felony" also is "convicted of or pleads guilty to" a firearm specification, the court shall impose a prison term. Thus, in order to impose a sentence on the firearm specification, the offender must first be convicted of or pleaded guilty to the underlying offense and then, if the firearm specification has also been proven through trial or plea, the underlying sentence will be enhanced by the mandatory term imposed for the specification. *Id.*; *see also State v. Florencio*, 8th Dist. Cuyahoga No. 107023, 2019-Ohio-104, ¶ 19 (merging sentences forecloses on the ability to impose a separate sentence on the specification attendant to the merged offense); *State v. Robinson*, 4th Dist. Lawrence No. 14CA24, 2016-Ohio-905, ¶ 45. In other words, in sentencing an offender for multiple offenses, the first issue to be addressed is whether the offenses are allied under R.C. 2941.25. Once it is determined that two offenses are separate and subject to separate sentences for each offense, only then does the trial court consider whether the sentencing enhancement attendant to each separate offense is applicable.

{¶22} The state argues that R.C. 2929.14(B)(1)(g) authorizes the sentence imposed on the specification notwithstanding the merger of the underlying offense. Under that division, if the offender is "convicted of or pleads guilty to" two or more felonies, one of those being a felony

delineated in the division, then the trial court is required to impose a sentence on two of the most serious specifications of which the offender is convicted or to which he pleaded guilty. The statute does not only speak in terms of a conviction, which is the finding of guilt. *Fiorenzo* at 260. According to the state, the phrase "pleads guilty to" as used in that division is in the alternative to a conviction. *See, e.g., State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626, ¶ 11 (the phrase "pleaded guilty to" is in the alternative to the phrase "convicted of").

{¶23} In *State v. Lewis*, 8th Dist. Cuyahoga No. 102939, 2015-Ohio-5267, ¶ 14, this distinction was recognized for sex offender registration sentences. In *Lewis*, the court merged a sex offense and a non-sex offense for the purposes of sentencing, with the state electing to sentence on the non-sex offense. *Id.* at ¶ 8. The trial court nonetheless imposed a sex-offender registration requirement based on the merged sex offense because the offender had pleaded guilty to it. *Id.* That sentence was affirmed based on the statutory language permitting the imposition of a registration requirement upon offenders who plead guilty to or are convicted of sex offenses — implicitly recognizing that pleading guilty to a sex offense irrespective of a conviction authorizes the imposition of the registration part of the sentence on the merged offense. *Id. Lewis*, however, arguably conflicted with *State v. Boyd*, 8th Dist. Cuyahoga No. 100225, 2014-Ohio-1081, ¶ 20. In *Boyd*, it was concluded that the registration requirement attendant to a merged offense cannot be imposed — the offender had been sentenced to a Tier III reporting requirement attendant to the merged offense instead of the Tier II reporting requirement for the offense upon which the offender was sentenced. *Id.* at ¶ 21.

{¶24} R.C. 2929.14(1)(b)(g) uses similar language, requiring the imposition of a sentence on two of the most serious firearm specifications if the offender was convicted of or pleaded

guilty to the specifications. Under the plain reading of the statute, the specification arguably survives merger in situations in which the offender pleads guilty to an offense that is ultimately merged. The legislature used the phrase "pleads guilty to" in the alternative to "convicted of." *Gwen.* Notwithstanding the purported conflict, *Lewis* is inapplicable to resolving the firearm specification issue at hand.

{¶25} The Ohio Supreme Court has also concluded that the sentence imposed for a firearm specification is dependent on the underlying conviction to which the specification is attached. *Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, at ¶ 16-19. The firearm specification merely enhances an underlying sentence, but it can only do so if one is imposed on the base offense. *Id.* at ¶ 16. *"[I]f a defendant is convicted of a felony offense and, during the commission of that offense, if the defendant * * * uses a firearm to facilitate the offense, the defendant's underlying felony sentence will be increased by three years."* (Emphasis sic.) *Id.* Thus, an underlying sentence must be imposed in order to implicate the enhancement. Firearm specifications, as sentencing enhancements, attach to a base sentence. *Id.* Without a sentence on the underlying or predicate offense, there is nothing to enhance or increase. *Florencio*, 8th Dist. Cuyahoga No. 107023, 2019-Ohio-104, at ¶ 13, 19.

{¶26} In *Florencio*, the offender was convicted of kidnapping and felonious assault with a deadly weapon, both of which included attendant firearm specifications. *Id.* at ¶ 1. The trial court imposed the base sentences and the sentences on the firearm specifications to be served concurrently as between counts, with only one specification being served consecutive to the base sentence in contravention of R.C. 2929.14(B)-(C). *Id.* Imposing the firearm specifications in that manner lacked statutory authorization. *Id.* at ¶ 14. Having concluded that the sentence imposed was void, *Florencio* also recognized plain error in imposing concurrent sentences on

allied offenses of similar import based on the state's claim that the conduct constituting the felonious assault was the force or restraint component of the kidnapping. *Id.* at ¶ 17. The state conceded that the convictions were for allied offenses and, in addition, the offender could only be sentenced for one offense and the firearm specification attendant to that count. *Id.* at ¶ 13, 19.

{¶27} In this case, the trial court determined that the aggravated robbery and grand theft offenses merged under R.C. 2941.25. The state elected to have the sentence imposed on the aggravated robbery offense. As such, the only firearm specification that survived for consideration was the one attendant to the aggravated robbery conviction. *Florencio*; *Roper,* 9th Dist. Summit Nos. 26631 and 26632, 2013-Ohio-2176, at ¶ 10; *Robinson*, 4th Dist. Lawrence No. 14CA24, 2016-Ohio-905, at ¶ 45. The sentence imposed for the firearm specification attendant to the grand theft offense, for which no sentence was imposed, is not authorized by law and is void.

{¶28} We vacate the three-year sentence imposed for that specification and remand for the limited purpose of correcting the journal entry to reflect the four-year sentence imposed on the base aggravated robbery offense and the three-year mandatory sentence, to be served prior and consecutive to the base sentence, imposed for the firearm specification attendant to the aggravated robbery conviction.

{¶29} Reversed in part, vacated in part, and remanded.

It is ordered that appellant and appellee share costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
RAYMOND C. HEADEN, J., CONCUR