[Cite as *State v. Bollar*, 2021-Ohio-1578.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020 CA 00077 |
| MARQUIS BOLLAR | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Stark County
Court of Common Pleas, Case No. 2019-
CR-1620

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 5, 2021

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
110 Central Plaza South, Ste. 510
Canton, OH 44702

For Defendant-Appellant

TY GRAHAM
4450 Belden Village Street N.W.
Suite 703
Canton, OH 44718

*Gwin, P.J.*

{¶1}   Defendant-Appellant Marquis Bollar ["Bollar"] appeals the March 17, 2020 judgment of conviction and sentence of the Stark County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2}   On August 13, 2019, Bollar shot and killed Erica DeLong. At the time of the shooting, Bollar was a convicted felon under disability and was not permitted to possess a firearm.

{¶3}   On October 17, 2019, the Stark County Grand Jury returned a four-count indictment charging Bollar as follows:

    Count one – felony murder;

    Count two – involuntary manslaughter;

    Count three -- felonious assault;

    Count four – having weapons under disability.

{¶4}   Each count of the indictment contained a firearm specification.

{¶5}   On March 6, 2020, the state dismissed count one of the indictments and Bollar entered pleas of guilty to counts two through four and the attendant gun specifications.

{¶6}   During the sentencing hearing Bollar argued, and the state did not dispute that counts two and three, involuntary manslaughter and felonious assault merged for purposes of sentencing but having weapons under disability did not. Transcript of trial (T.) 30, 32, 34.

{¶7} The state argued, however, R.C. 2929.14(B)(1)(g) required two of the three gun specifications to run consecutively to one another and consecutive to the underlying charge. T. 29-30. Counsel for Bollar disagreed, and advanced an allied offenses argument – that all three specifications were the result of one act by one person and therefore only one gun specification could be imposed. T. 35

{¶8} After taking a recess to consider matters presented during Bollar's plea as well as the application of R.C. 2929.14(B)(1)(g), the trial court sentenced Bollar to a minimum mandatory sentence of 11 years for involuntary manslaughter. The court additionally imposed three years for the attendant firearm specification and ordered Bollar to serve that sentence prior to any other sentence. T. 51.

{¶9} While the trial court imposed no sentence for the merged felonious assault, it found it was required to impose the attached gun specification and sentenced Bollar to three years on the specification. T. 51.

{¶10} For having weapons under disability, the trial court imposed a thirty-six-month sentence and merged the attendant firearm specification. After making the appropriate findings, the trial court ordered Bollar to serve this sentence consecutive to his sentence for involuntary manslaughter and the two gun specifications for an aggregate minimum term of 20 years to a maximum term of 25.5 years. T. 52-54.

### *Assignment of Error*

{¶11} Bollar raises one Assignment of Error,

{¶12} "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING APPELLANT TO SERVE MAXIMUM CONSECUTIVE SENTENCES."

*Law and Analysis*

{¶13} In his sole assignment of error, Bollar argues the trial court erred when it sentenced him to three years for the firearm specification attendant to the charge of felonious assault after it had merged the charges of involuntary manslaughter and felonious assault as allied offenses. Bollar argues because the two charges merged, he could only be sentenced for one firearm specification and therefore his sentence is contrary to law. We disagree.

*Standard of Appellate Review*

{¶14} Bollar's argument centers on an issue of law, not the discretion of the trial court. "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. Because the assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

***Issue for Appellate Review:*** *Whether R.C. 2929.14(B)(1)(g) creates a statutory exemption to the merger of multiple firearm specifications when the underlying felonies*

*are merged at sentencing as allied offenses of similar import pursuant to R.C.*

*2929.14(C)(4).*

### *1. "Same Act or Transaction" and "Allied Offenses"*

{¶15} R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶16} Under R.C. 2941.25(B), the allied offenses statute, a defendant whose conduct supports multiple offenses may be convicted of all offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus. In *Ruff,* the Court further held that "two or more offenses of *dissimilar import* exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." Id. (Emphasis added).

{¶17}  Ordinarily, the trial court is forbidden from imposing sentences on multiple firearm specifications for "felonies committed as part of the same act or transaction."  R.C. 2929.14(B)(1)(b). In *State v. Wills*, the Ohio Supreme Court defined "transaction" as used in former R.C.  2929.71(B), the predecessor to the statute in question, as "* * * a series of continuous acts bound together by time, space and purpose and directed toward a single objective." 69 Ohio St.3d 690.691, 1994-Ohio-417, 635 N.E.2d 370(1994).

{¶18}  In the case at bar, the trial court merged the offense of involuntary manslaughter and the offense of felonious assault for purposes of sentencing as allied offenses.  Thus, the trial court would necessarily have found that the crimes were not of dissimilar import, that the crimes were not committed separately, and that the offenses were not committed with a separate animus. Thus, these allied offenses must necessarily have been committed as a series of continuous acts bound together by time, space and purpose and directed toward a single objective. In other words, the involuntary manslaughter and the felonious assault offenses were committed as part of the same act or transaction.

## 2. The Legislative Authorized Exception

{¶19}  Except under circumstances not relevant to the case at bar, R.C. 2929.14(B)(1)(a) mandates the imposition of a prison sentence for an individual who pleads guilty to or is convicted of a firearm specification under R.C.  2941.141.

{¶20}  R.C. 2929.14(B)(1)(b) contains an exception to the general rule that the trial court is forbidden from imposing sentences on multiple firearm specifications for "felonies committed as part of the same act or transaction."  The statute provides the following exemption, "*Except as provided in division (B)(1)(g) of this section, a court shall not*

impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction." (Emphasis added).  R.C. 2929.14(B)(1)(g), the exception statute, states:

> If an offender is *convicted of or pleads guilty* to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is *convicted of or pleads guilty* to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court *shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty* and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

Emphasis added.  The statute does not require that "an offender be *sentenced*" for two or more felonies; rather, the statue only requires that an offender be "*convicted or plead guilty*" to two or more felonies.

{¶21}  In the case at bar, Bollar plead guilty to both involuntary manslaughter with a firearm specification and felonious assault with a firearm specification. Of importance to the resolution of the issue in this case is that the plea of guilty by Bollar to the felonious assault offense did not cease to exist when the trial court merged the felonies as allied offenses for purposes of sentencing.

### 3. Convictions and Merger of Allied Offenses

{¶22} In *State v. Whitfield,* the Ohio Supreme Court cautioned trial courts as follows,

> On remand, the trial court should fulfill its duty in merging the offenses for purposes of sentencing, but remain cognizant that R.C. 2941.25(A)'s mandate that a "defendant may be convicted of only one" allied offense is a proscription against sentencing a defendant for more than one allied offense. *Nothing in the plain language of the statute or in its legislative history suggests that the General Assembly intended to interfere with a determination by a jury or judge that a defendant is guilty of allied offenses.* As the state asserts, by enacting R.C. 2941.25(A), the General Assembly condemned multiple sentences for allied offenses, *not the determinations that the defendant was guilty of allied offenses.*

> Because R.C. 2941.25(A) protects a defendant only from being punished for allied offenses, *the determination of the defendant's guilt for committing allied offenses remains intact, both before and after the merger of allied offenses for sentencing. Thus, the trial court should not vacate or dismiss the guilt determination.*

124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182 (emphasis added), *superseded by statute on other grounds, United States v. Mackey, S.D. No. 3:04cr00096, 2014 WL 6606434, *2 (Nov. 12, 2014), fn. 4.* Accordingly, the determination of Bollar's guilt for committing the offense of felonious assault remains intact even after the trial court merged the offense with the involuntary manslaughter offense for sentencing purposes.

### 4. The Legislature Has Authorized Cumulative Punishments for Multiple Firearm Specifications under Specific Circumstances

{¶23}  In *State v. Bickerstaff,* the Ohio Supreme Court followed federal precedent concerning the imposition of multiple punishments,

> In determining the constitutionality of a trial court's imposition of consecutive sentences in a single criminal proceeding, the ambit of appellate review is limited to ensure that the trial judge did not exceed the sentencing authority granted by the General Assembly.  *Missouri v. Hunter* (1983), 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535;  *Albernaz v. United States* (1981), 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275; *Whalen v. United States* (1980), 445 U.S. 684, 688-689, 100 S.Ct. 1432, 63 L.Ed.2d 715;  *Brown, supra*, 432 U.S. at 165, 97 S.Ct. at 2225; *State v. Moss* (1982), 69 Ohio St.2d 515, 433 N.E.2d 181 [23 O.O.3d 447], paragraph one of the syllabus, certiorari denied (1983), 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 430. Therefore, the dispositive question is whether the General Assembly authorized separate punishments for the crimes committed by the appellant.

10 Ohio St.3d 62, 65, 461 N.E.2d 892(1984).

{¶24}  Both the Fifth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution, guard against successive prosecutions. Both provisions also guard against cumulative punishments for the same offense. R.C. 2941.25, allied offenses, was adopted by the General Assembly to effectuate these constitutional principles.  *State v. Thomas*, 61 Ohio St.2d 254, 259-260, 400 N.E.2d 897(1980),

*overruled on other grounds, State v. Cargo*, 53 Ohio St.3d 243, 554 N.E.2d 1353(1990). "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366,103 S.Ct. 673, 74 L.Ed.2d 535(1983). The case at bar involves only the protection against cumulative punishments for the "same offense."

{¶25} In sum, the double jeopardy clause permits cumulative punishment if the legislature has authorized it. Ohio's legislature intended to specifically authorize cumulative punishment for multiple firearm specifications that were committed as part of the same act or transaction under the narrowly tailored, specifically designated circumstances set forth in R.C. 2929.14(B)(1)(g), those being, "that at least one of the felonies must be aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape." In the case at bar, Bollar plead guilty to felonious assault with a firearm specification and involuntary manslaughter with a firearm specification. Thus, Bollar plead guilty to a felony for which the legislature has specifically authorized cumulative punishments. Bollar's guilt for committing the offense of felonious assault with a firearm specification survives the trial court's merger of that offense for sentencing purposes with the involuntary manslaughter offense.

{¶26} In *State v. Cobb*, 5th Dist. Stark No. 2014 CA00218, 2015-Ohio-3661, the defendant was convicted after a jury trial on one count of complicity to murder, one count of complicity to aggravated burglary and one count of aggravated robbery, each with connected firearm specifications. 5th Dist. Stark No. 2014 CA 00218, 2015-Ohio-3661. The trial court sentenced Cobb to 15 years to life on the Complicity to Murder charge. The

Complicity to Aggravated Robbery and Complicity to Aggravated Burglary counts were merged with the Complicity to Murder count. The trial court also imposed the mandatory 3-year prison term for the three firearm specifications. The firearm specifications for the Complicity (Murder) and Complicity (Aggravated Burglary) offenses were imposed consecutively, but the firearm specification for the Complicity (Aggravated Robbery) offense was imposed concurrently. The aggregate prison term was twenty-one (21) years to life imprisonment. Id. at ¶23. On appeal, Cobb argued that the trial court erred in imposing multiple, consecutive sentences for the gun specifications in his case. Id. at ¶27. This Court disagreed,

> In the instant case, the record is clear that appellant was convicted of multiple felonies, to wit: one count of complicity to murder, one count of complicity to aggravated robbery and one count of aggravated burglary. The trial court was required by R.C. § 2929.14(B)(1)(g) to sentence appellant to the two most serious firearm specifications that accompanied his felony convictions for complicity to murder and complicity to aggravated burglary or complicity aggravated robbery.

> "[R]egardless of whether [a defendant's] crimes were a single transaction, when a defendant is sentenced to more than one felony, including [murder] and [aggravated robbery and/or aggravated burglary], the sentencing court 'shall impose' the two most serious gun specifications." State v. Isreal, 12th Dist. Warren No. CA2011–11–115, 2012–Ohio–4876, ¶ 71. See also State v. Ayers, 12th Dist. Warren No. CA2011–11–123,

2013–Ohio–2641, ¶ 20–25; *State v. Cassano*, 8th Dist. Cuyahoga No. 97228, 2012–Ohio–4047, ¶ 32–34.

We therefore find that the trial court did not err in concluding that the firearm specifications accompanying the complicity to murder count and the complicity to aggravated burglary were not subject to merger pursuant to R.C. § 2929.14(B).

We therefore find the trial court did not err in ordering two of the three firearm specifications to run consecutively.

*Cobb,* ¶34-¶37.

### *Conclusion*

{¶27}   The legislature has specifically authorized cumulative punishment by creating the exception to the general rule that the trial court is forbidden from imposing sentences on multiple firearm specifications for "felonies committed as part of the same act or transaction" contained within R.C. 2929.14(B)(1)(b), and pursuant to that exception, with its command set forth in R.C. 2929.14(B)(1)(g)  that the trial court "*shall impose* on the offender the prison term specified under division (B)(1)(a) of this section *for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty....*" (Emphasis added).

{¶28}   In the case at bar, Bollar pled guilty to multiple felonies, to wit: involuntary manslaughter, felonious assault and having weapons while under a disability. The determination of guilt based upon his guilty pleas to each offense survived the trial courts merger of the felonious assault and involuntary manslaughter offenses. *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182.  Therefore, the trial court was required

by R.C. 2929.14(B)(1)(g) to sentence Bollar to the two most serious firearm specifications that accompanied his felony guilty pleas. R.C. 2929.14(B)(1)(g).

{¶29} We therefore find that the trial court did not err in concluding that the firearm specifications accompanying the involuntary manslaughter and felonious assault were not subject to merger pursuant to R.C. 2929.14(B).

{¶30} The trial court did not err in ordering two of the three firearm specifications to run consecutively pursuant to R.C. 2929.14(B)(1)(g).

{¶31} Bollar's sole Assignment of Error is overruled.

{¶32} The judgment of the Stark County Court of Common Pleas is affirmed.


By Gwin, P.J., and

Wise, John, J., concur;

Wise, Earle, J., dissents

*Wise, Earle, J., dissents.*

{¶ 33} I respectfully dissent.

{¶ 34} In this case the appellant plead guilty to three felony offenses each of which contained identical firearm specifications pursuant to R.C. 2941.145(A). There is no dispute the three offenses and attendant specifications resulted from the same incident. On August 13, 2019, appellant possessed a firearm with which he shot and killed the victim, resulting in the charged offenses of involuntary manslaughter and felonious assault. He was further charged with having weapons while under a disability because he had a prior felony conviction.

{¶ 35} R.C. 2929.14(B)(1)(b) generally prohibits the imposition of multiple prison sentences on the attendant specifications when the offenses are "committed as part of the same act or transaction." R.C. 2929.14(B)(1)(g) creates an exception to this rule and mandates the imposition of a prison term for the two most serious specifications if certain conditions are met.

{¶ 36} But in this matter, because the felonious assault and involuntary manslaughter offense were allied offenses of similar import, no underlying sentence was imposed on the felonious assault. Without the imposition of a sentence there is no ability to impose the attendant sentence-enhancing specification.

{¶ 37} Not all offenses "committed as part of the same act or transaction," would necessarily be allied offenses of similar import. When the specifics of R.C. 2929.14(B)(1)(g) are met and the offense(s) do not merge separate sentences would be imposed on those offenses and each attendant specifications would have a sentence to enhance.

{¶ 38} Addressing an identical challenge, the Ninth District in *State v. Roper*, 9th Dist. Nos. 26631, 26632, 2013-Ohio-2176 found the appellant:

> * * *could not be sentenced for both aggravated robbery and aggravated burglary because the trial court found them to be allied offenses of similar import, and, thus, they could only be convicted of one of the two offenses. See *Whitfield* [124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182] ¶17. The firearm specifications were contingent on there being a conviction (i.e. finding of guilt and sentence) for the underlying offense and attach to the predicate offense. See *Ford* [128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498] at ¶ 16. Moreover, the classification of a firearm specification as "penalty enhancement" inherently implies that there is an underlying penalty to enhance. [*State v.*] *Ford* [128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498] at ¶ 19. Thus, because one of the underlying offenses at issue merged into the other underlying offense, the merged offense could not be penalized.

{¶ 39} More recently, in *State v. Doyle*, 8th Dist. No. 107001, 2019-Ohio-979, 133 N.E.3d 890, the Eighth District Court of Appeals also considered the same challenge. In that matter, as here, the state argued R.C. 2929.14(B)(1)(g) authorized a sentence imposed on a specification regardless of the merger of the underlying offense. The court acknowledged upon a plain reading of the statute, the specification arguably survives merger in situations in which the offender pleads guilty to an offense that is ultimately

merged. *Doyle* ¶ 24. The court also acknowledged the legislature used the phrase "pleads guilty to" in the alternative to "convicted of." *Id.* citing *State v. Gwen*, 134 Ohio St.3d 284, 2012-Ohio-5046, 982 N.E.2d 626. The court ultimately concluded, however, "that a sentence imposed for a firearm specification is dependent on the underlying conviction to which the specification is attached." Citing *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, at ¶ 16-19. The court reasoned at ¶ 25:

> The firearm specification merely enhances an underlying sentence, but it can only do so if one is imposed on the base offense. *Id.* at ¶ 16. "[I]f a defendant is convicted of a felony offense and, during the commission of that offense, if the defendant * * * uses a firearm to facilitate the offense, the defendant's underlying felony sentence will be increased by three years." (Emphasis sic) [*Ford* ¶ 16-19]. Thus, an underlying sentence must be imposed in order to implicate the enhancement. Firearm specifications, as sentencing enhancements, attach to a base sentence. *Id.* Without a sentence on the underlying or predicate offense, there is nothing to enhance or increase. [*State v.*] *Florencio*, 8th Dist. Cuyahoga No. 107023, 2019-Ohio-104, at ¶ 13, 19.

{¶ 40} I am in agreement with the reasoning in *Roper* and *Doyle*. If, as here, an offense is merged as an allied offense, there is no sentence and the attendant firearm specification has no sentence to enhance. I therefore respectfully dissent.