[Cite as *State v. Ali*, 2024-Ohio-5325.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 113750 |
| MAHSOULL ALI, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 7, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682733-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Danielle Muster, Assistant Prosecuting Attorney, *for appellee.*

Jeffrey S. Richardson, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Mahsoull Ali ("Ali"), appeals his sentence for two counts of felonious assault with firearm specifications, arguing that the accompanying firearm specifications should have merged because the felonious

assault counts were allied offenses of similar import and merged for purposes of sentencing. For the reasons set forth below, we affirm Ali's sentence.

## I. Facts and Procedural History

{¶ 2} In July 2023, Ali was indicted in a three-count indictment. Count 1 charged him with attempted murder, a felony of the first degree in violation of R.C. 2923.02(A); Count 2 charged him with felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2)(deadly weapon); and Count 3 charged him with felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1)(serious physical harm). All three counts carried one- and three-year firearm specifications. The charges arise from allegations that the victim was shot twice in the leg. Ali pled not guilty, waived a jury, and proceeded to a bench trial.

{¶ 3} Following the bench trial, Ali was found guilty of both counts of felonious assault along with the accompanying one- and three-year firearm specifications, and not guilty of attempted murder. At sentencing, the parties stipulated, and the court found, that the felonious assault counts were allied offenses and merged for purposes of sentencing. The State elected to have Ali sentenced on Count 2, felonious assault (deadly weapon). The court merged the one-year firearm specifications into the three-year firearm specifications. The trial court imposed a prison sentence of 10 to 12 years at the Lorain Correctional Institution. The sentencing entry states:

This sentence includes: three years on the firearm specifications on Count Two and three years on the firearm specifications on Count Three, to be served prior to and consecutively to each other for a net sentence on all firearm specifications of six years; and an indefinite term of four years on the felony on Count Two, to be served after and consecutively to the net six years on the specifications.

(Journal Entry, Mar. 21, 2024.)

{¶ 4} Ali appeals, raising the following assignments of error for review:

**Assignment of Error I:** The trial court erred when it imposed a prison term for the 3-year firearm specification attached to Count Two along with a prison term for the 3-year firearm specification attached to Count Three as these counts were merged.

**Assignment of Error II:** Imposing separate prison terms for firearm specifications on counts that have been merged for the purposes of sentencing violates Defendants' due process rights under the Fourteenth Amendment to the United States Constitution.

## II. Law and Analysis

### Standard of Review

{¶ 5} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either that the record does not support certain specified findings or that the sentence imposed is contrary to law. An appellate court may vacate or modify a sentence that is not clearly and convincingly contrary to law only if it finds by clear and convincing evidence that the record does not support the sentence. *Marcum* at ¶ 23.

**Consecutive Firearm Specifications**

{¶ 6} In Ali's first assignment of error, he argues that the trial court cannot impose a prison sentence for a firearm specification that was attached to the serious-physical-harm-felonious assault count, because this offense was an allied offense of similar import that was merged for purposes of sentencing into the deadly-weapon-felonious assault count. Ali disagrees with the Ohio Supreme Court's decision in *State v. Bollar*, 2022-Ohio-4370, addressing this exact issue. Alternatively, he argues that his case is distinguishable from *Bollar*. Ali also argues that his sentence violates the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. We find Ali's arguments unpersuasive.

{¶ 7} In *Bollar*, the defendant pled guilty to three felonies: involuntary manslaughter, felonious assault, and having weapons while under disability, with accompanying firearm specifications. *Id.* at ¶ 2. The involuntary manslaughter count and felonious assault count were allied offenses and merged for purposes of sentencing; however, the trial court imposed a three year prison term for each of the firearm specifications linked to those counts. *Id.* at ¶ 4. The Fifth District Court of Appeals affirmed the decision of the trial court. *Id.* at ¶ 5, citing *State v. Bollar*, 2021-Ohio-1578, ¶ 32 (5th Dist.). The Fifth District certified that its decision was in conflict with the Ninth District's decision in *State v. Roper*, 2013-Ohio-2176 (9th Dist.), and with this court's decision in *State v. Doyle*, 2019-Ohio-979 (8th Dist.).

{¶ 8} The Ohio Supreme Court accepted the conflict on the question of "whether an offender must receive separate prison terms for multiple firearm

specifications when the criminal offense to which those firearm specifications are attached have been merged as allied offenses." *Id.* at ¶ 1. The *Bollar* Court analyzed the language of R.C. 2941.25(A), the allied offenses statute, and R.C. 2929.14(B)(1)(b) and (g), which controls the sentencing of firearm specifications. The Court ultimately found that R.C. 2929.14(B)(1)(g) requires that the offender receive prison terms for each of the two most serious firearm specifications when the offender pleads guilty or is convicted of multiple felony offenses and multiple accompanying firearm specifications when at least one of the offenses is designated in the statute. *Id.* at ¶ 19. The Court went on to say that "[t]he statute [R.C. 2929.14(B)(1)(g)] makes no exception to the application of its provisions if one of the underlying felony offenses has been merged." *Id.*

{¶ 9} We now turn to Ali's argument that *Bollar* does not apply because the merger of felonious assault (serious physical harm) into felonious assault (deadly weapon) is distinguishable from the merger of involuntary manslaughter and felonious assault that was addressed in *Bollar*. Ali contends that, in his case, one gun was used that resulted in one crime, which is legally and factually different from *Bollar*. The *Bollar* Court, however, did not base its decision on the facts of the case or the offenses that merged. Instead, the Court focused on the plain language of R.C. 2929.14(B)(1)(g), which states:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of

this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

{¶ 10} Here, Ali was convicted of two felonies — two counts of felonious assault — and the accompanying firearm specifications. Felonious assault is listed in R.C. 2929.14(B)(1)(g), which triggers the imposition of the "two most serious" firearm specifications. We reiterate that "[t]he statute makes no exception to the application of its provisions if one of the underlying offenses has been merged." *Bollar* at ¶ 19.

{¶ 11} Recently, this court addressed a similar scenario in *State v. Lewis*, 2024-Ohio-1786 (8th Dist.). In *Lewis*, the defendant appealed his sentence because he was sentenced for two 54-month firearm specifications, which included a robbery count that merged into the aggravated robbery count. This court stated: "although Lewis invites this court to revisit the interpretation of R.C. 2941.25(A) and 2929.14(B)(1)(a) and (g) conducted by the *Bollar* Court, the settled law in Ohio requires the trial court to impose a sentence for each of the two most serious firearm specifications for which the offender is found guilty. Accordingly, the trial court did not err when it imposed a sentence on the 54-month firearm specification attached

to Count 2 [robbery] even though the underlying offense merged with Count 1 [aggravated robbery]." *Id.* at ¶ 25.[1]

{¶ 12} We note that the *Bollar* Court conceded that "while one could argue that common sense dictates that an offender should not be sentenced on a specification when the offender has not been sentenced on the underlying criminal offense, the General Assembly exercised its discretion in requiring that the sentence include separate prison terms for multiple specifications.  This court defers to that legislative choice.  If the General Assembly determines that this should no longer be the law in Ohio, the legislature may use its discretion to amend R.C. 2929.14(B)(1)(g) to require a different approach." *Id.* at ¶ 19.  Similarly, as an intermediate court, we do not have the authority to review or overturn decisions of the Ohio Supreme Court. *State v. Fisher*, 2024-Ohio-4484, ¶ 230 (8th Dist.), citing *e.g.*, *Zakel v. State*, 2022-Ohio-4637, ¶ 7 (8th Dist.).

{¶ 13} Finally, Ali asserts that his sentence violates the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution that prohibits multiple punishments for the same offense.  The Double Jeopardy Clause states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb," which applies to the State courts through the Fourth Amendment to the U.S. Constitution.  The prohibition against double jeopardy "protects against three abuses": (1) "'a second prosecution for the same offense after acquittal,'" (2) "'a

---

[1] *Accord State v. Lykes,* 2024-Ohio-2364 (8th Dist.); *State v. Malone*, 2024-Ohio-5004 (8th Dist.); *State v. Fisher*, 2024-Ohio-4484 (8th Dist.); *State v. Flanik*, 2024-Ohio-1689 (8th Dist.); *State v. Powell*, 2023-Ohio-2770 (8th Dist.).

second prosecution for the same offense after conviction'" and (3) "'multiple punishments for the same offense.'" *State v. Ruff*, 2015-Ohio-995, ¶ 10, quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989).

{¶ 14} Ali maintains that he was punished twice for the same offense when the trial court sentenced him on two firearm specifications when the underlying offenses merged. It is well-settled, however, that a firearm specification is not a criminal offense but rather a sentencing provision that requires an enhanced penalty after certain findings. *State v. Ford*, 2011-Ohio-765, ¶ 16-19. Additionally, the Double Jeopardy Clause permits cumulative punishment if the legislature has authorized it. *Fisher* at ¶ 205, citing *Missouri v. Hunter*, 459 U.S. 359, 366 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.")

{¶ 15} Thus, for the reasons set forth above, the holding of *Bollar* applies to the facts of this case and is controlling precedent. We find that that a firearm specification survives merger under the plain language of R.C. 2929.14(B)(1)(g) and that there is no violation of double jeopardy when a trial court complies with the statute in imposing a separate sentence on such a specification. Consequently, Ali's sentence was not contrary to law.

{¶ 16} Accordingly, Ali's first assignment of error is overruled.

## Due Process

{¶ 17} In Ali's second assignment of error, he argues that *Bollar* undermines the voluntariness of a criminal defendant's decision to exercise his right to trial or accept a plea agreement. He stresses that "*Bollar* creates a coercive environment in which defendants will feel forced to take a plea deal to escape cumulative punishment." Ali declares that "the *Bollar* decision is a legislative and now judicially condoned weapon to coerce a defendant to plead guilty[.]"

{¶ 18} We recognize that "'a defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement.'" *State v. Anderson*, 2017-Ohio-5656, ¶ 20, quoting *State v. O'Dell*, 45 Ohio St.3d 140, 147 (1989). We also recognize that the State may "'encourage a guilty plea by offering substantial benefits in return for the plea.'" *Id.,* quoting *Corbitt v. New Jersey*, 439 U.S. 212, 219 (1978). Nevertheless, "[t]he standard of punishment is necessarily different for those who plead and for those who go to trial. For those who plead, that fact itself is a consideration in sentencing, a consideration that is not present when one is found guilty by a jury." *Id.,* quoting *Corbitt* at 224, fn. 14. Obviously, trial has the potential to expose a defendant to higher penalties, because a defendant may be found guilty of a greater number of criminal offenses and specifications than if he or she had accepted a plea agreement. This has always been the case when deciding whether to accept a plea or go to trial.

{¶ 19} In the instant case, Ali was not coerced into accepting a plea agreement to avoid cumulative sentences. Ali exercised his right to go to trial. Therefore, Ali's argument is misplaced.

{¶ 20} Accordingly, Ali's second assignment of error is overruled.

{¶ 21} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR