[Cite as *State v. Fleckenstein*, 2024-Ohio-5247.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 24CA012105 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SEBASTIAN FLECKENSTEIN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 21CR104908 |

DECISION AND JOURNAL ENTRY

Dated: November 4, 2024

HENSAL, Judge.

**{¶1}** Sebastian Fleckenstein appeals the sentence imposed upon him by the Lorain County Court of Common Pleas. This Court affirms.

I.

**{¶2}** A jury found Mr. Fleckenstein guilty of two counts of felony murder, two counts of felonious assault, and one count of involuntary manslaughter, discharge of a firearm on or near a prohibited premises, tampering with evidence, and having a weapon while under disability. The convictions for tampering with evidence and having a weapon while under disability were accompanied by firearm specifications that carried a mandatory one-year term in prison. The rest of the convictions were accompanied by repeat violent offender specifications and firearm specifications that carried a mandatory three-year term in prison. The trial court determined that Mr. Fleckenstein's convictions for felony murder, involuntary manslaughter, discharging a firearm on or near prohibited premises, and felonious assault were allied offenses of similar import and

merged them for sentencing. The State elected for Mr. Fleckenstein to be sentenced on one of the felony murder convictions, and the trial court sentenced him to prison for fifteen years to life. The trial court imposed a consecutive three-year prison term for the firearm specification that accompanied that conviction but imposed the rest of his sentences – including those for all of the remaining firearm specifications – to be served concurrently.

{¶3} Mr. Fleckenstein appealed. The State cross-appealed, arguing that the trial court erred by failing to impose consecutive three-year prison terms for the firearm specifications accompanying each of his two most serious offenses. This Court affirmed Mr. Fleckenstein's convictions. With respect to the State's cross-appeal, this Court vacated Mr. Fleckenstein's sentence "to the extent the trial court merged his three-year firearm specifications for felonious assault and felony murder" and remanded the matter "for resentencing on those two specifications" on the authority of *State v. Bollar*, 2022-Ohio-4370. *State v. Fleckenstein*, 2023-Ohio-4347, ¶ 45 (9th Dist.).

{¶4} On March 8, 2024, the trial court resentenced Mr. Fleckenstein. The trial court imposed the same sentence of fifteen years to life in prison for one of the murder convictions and imposed a three-year prison term for the firearm specification that accompanied that count, but the trial court also sentenced him to a second, consecutive three-year prison term for the firearm specification accompanying his conviction for involuntary manslaughter. Consequently, Mr. Fleckenstein's new aggregated sentence was twenty-one years to life in prison. Mr. Fleckenstein appealed, asserting one assignment of error.

II.

**ASSIGNMENT OF ERROR**

NO LESS THAN THE DOUBLE JEOPARDY CLAUSE PROTECTS A PERSON
AGAINST MULTIPLE PUNISHMENT FOR THE SAME CONDUCT OR

CRIME, DOUBLE JEOPARDY PROTECTS MULTIPLE PUNISHMENT [*SIC*] FOR THE SAME PENALTY ENHANCING CONDUCT.

{¶5}    Mr. Fleckenstein's assignment of error argues that the trial court erred by sentencing him to a second consecutive, three-year prison term for a firearm specification because doing so violates the Double Jeopardy Clause.  This Court does not agree.

{¶6}    As an initial matter, this Court notes that the trial court's resentencing decision did not conform to the scope of this Court's mandate.  *See generally Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus.  "[W]hen a portion of a defendant's sentence has been vacated on direct appeal, the trial court has the authority to resentence the defendant de novo on any counts for which the original sentence was vacated."  *State v. Christian*, 2020-Ohio-828, ¶ 29.  When a trial court resentences a defendant after remand for a count that is not properly within the scope of the resentencing hearing, however, that decision is voidable.  *See State v. Pustelniak*, 2020-Ohio-3534, ¶ 14-18 (9th Dist.).  In this case, the trial court resentenced Mr. Fleckenstein on the firearm specification that accompanied his conviction for involuntary manslaughter rather than the specification that accompanied one of his convictions for felonious assault.  Mr. Fleckenstein has not assigned error in this regard.  In addition, no prejudice resulted because each of the firearm specifications at issue was subject to a mandatory three-year term of imprisonment.

{¶7}    With respect to Mr. Fleckenstein's assigned error, Revised Code Section 2929.14(B)(1)(g) provides:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads

guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

The plain language of Section 2929.14(B)(1)(g) requires a trial court to impose a prison term for each of the two most serious firearm specifications when the offender is convicted of two or more felonies, at least one of which is a felony listed in the statute. *Bollar*, 2022-Ohio-4370, at ¶ 19, 24. In *Bollar*, the Supreme Court of Ohio concluded that Section 2929.14(B)(1)(g) "makes no exception to the application of its provisions when one of the underlying felony offenses has been merged." *Id.* at ¶ 19. The Supreme Court also rejected the argument that the application of Section 2929.14(B)(1)(g) in this situation violates the Double Jeopardy Clause:

> In requiring that offenders like Bollar be subject to separate prison terms for multiple firearm specifications, the General Assembly appears to have acknowledged that the use of firearms in certain violent crimes should carry a hefty penalty. As the Fifth District acknowledged below, double-jeopardy protections are not violated when the legislature specifically authorizes cumulative punishment. 2021-Ohio-1578, 172 N.E.3d 499, at ¶ 25. Thus, while one could argue that common sense dictates that an offender should not be sentenced on a specification when the offender has not been sentenced on the underlying criminal offense, the General Assembly exercised its discretion in requiring that the sentence include separate prison terms for multiple specifications. This court defers to that legislative choice. If the General Assembly determines that this should no longer be the law in Ohio, the legislature may use its discretion to amend R.C. 2929.14(B)(1)(g) to require a different approach.

*Id.* at ¶ 20.

{¶8} Neither the trial court nor this Court has the authority to disregard a decision of the Supreme Court of Ohio. *State v. Darr*, 2018-Ohio-2548, ¶ 39 (9th Dist.). "The Supreme Court specifically held that a firearm specification survives merger under the plain language of R.C. 2929.14(B)(1)(g) and that there is no violation of double jeopardy when a trial court complies with the statute in imposing a separate sentence on such a specification." *State v. Fisher*, 2024-Ohio-4484, ¶ 230 (8th Dist.). Mr. Fleckenstein's assignment of error is, therefore, overruled.

III.

**{¶9}** Mr. Fleckenstein's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
<u>CONCURS IN JUDGMENT ONLY.</u>

CARR, J.
<u>CONCURS.</u>

<u>APPEARANCES:</u>

JOHN F. CORRIGAN, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.