[Cite as *State v. Massey*, **2024-Ohio-5542.**]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 23CA012023 |
|---|---|
| Appellee/Cross-Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GREGORY MASSEY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant/Cross-Appellee | CASE No. 22CR107330 |

DECISION AND JOURNAL ENTRY

Dated: November 25, 2024

HENSAL, Judge.

{¶1}   Gregory Massey appeals his convictions by the Lorain County Court of Common Pleas.  The State of Ohio appeals the sentence that the trial court imposed.  For the following reasons, this Court affirms Mr. Massey's convictions and reverses his sentence.

I.

{¶2}   According to one of Mr. Massey's neighbors, he was riding his bicycle down their street when he saw one of his friends on a motorcycle in the street near Mr. Massey's house.  He rode over to his friend and began a conversation with her.  While they were talking, Mr. Massey came onto his front porch and started yelling at them, then fired a gun at them.  The bullet missed him and his friend but struck a car that belonged to a different neighbor.  Mr. Massey gave the gun to his daughter to take away from his residence, but she later revealed to law enforcement where she had hidden it.

{¶3} The Grand Jury indicted Mr. Massey on one count of felonious assault, one count of tampering with evidence, one count of discharging a firearm near a prohibited premises, two counts of having weapons under disability, and one count of criminal damaging. Five of the counts had specifications, including multiple with firearm specifications. After a jury found Mr. Massey guilty of the offenses and the specifications, the trial court sentenced him to a total of 13 to 15 1/2 years imprisonment. Mr. Massey has appealed his convictions, arguing they are against the manifest weight of the evidence. The State has cross-appealed, arguing that the trial court incorrectly failed to sentence Mr. Massey on all the required specifications.

II.

MR. MASSEY'S ASSIGNMENT OF ERROR

THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶4} In his assignment of error, Mr. Massey argues that his convictions are against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶5} Mr. Massey argues that his convictions are against the manifest weight of the evidence because he acted in self-defense. Self-defense is an affirmative defense in Ohio. *State*

*v. Messenger*, 2022-Ohio-4562, ¶ 24. "[A] defendant charged with an offense involving the use of force has the burden of producing legally sufficient evidence that [his] use of force was in self-defense." *Id.* at ¶ 25. Once a defendant satisfies his burden of production, the burden of persuasion shifts to the State "to prove beyond a reasonable doubt that the accused did not use force in self-defense." *State v. Brooks*, 2022-Ohio-2478, ¶ 6. The State's burden "is subject to a manifest-weight review on appeal . . . ." *Messenger* at ¶ 27.

{¶6} The elements of self-defense are:

(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he [or she] was in imminent danger of death or great bodily harm and that his [or her] only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger.

(Bracketed text in original.) *Id.* at ¶ 14, quoting *State v. Barnes*, 94 Ohio St.3d 21, 24 (2002). "To carry its burden of persuasion, the State need only disprove one of the foregoing elements beyond a reasonable doubt." *State v. Fleckenstein*, 2023-Ohio-4347, ¶ 24 (9th Dist.).

{¶7} According to Mr. Massey, his car had recently been stolen and he thought it was the brother of the neighbor on the bicycle who stole it. He testified that, at the time he went onto his porch, he was on a telephone call. The neighbor on the bicycle overheard Mr. Massey say something to the person on the other end of the call and took offense, thinking it had been directed at him. The neighbor on the bicycle proceeded to yell at and threaten to kill Mr. Massey and his family, causing Mr. Massey to go into his house to retrieve a gun. When Mr. Massey returned to the porch, the neighbor resumed yelling at Mr. Massey and began to reach around his back. Thinking that his neighbor could be reaching for a gun, Mr. Massey testified that he fired a warning shot that was not aimed at the neighbor or his friend.

**{¶8}** Mr. Massey acknowledged that he had owned a gun for many years even though he knew he was prohibited from owning one as a result of both a prior felonious assault conviction and a prior felony drug conviction. He acknowledged that he did not have the gun at the time the incident started but retrieved it from his house and then reengaged with the neighbor. According to the neighbor on the bicycle, he was simply talking to his friend when Mr. Massey came out of his house and started accusing him of breaking into Mr. Massey's house. Although he tried to ignore Mr. Massey, Mr. Massey fired a shot at him. The neighbor testified that he remained on his bicycle the entire time and did not approach Mr. Massey. He also said that he did not threaten to kill Mr. Massey.

**{¶9}** The credibility of the witnesses is primarily for the trier of the facts to determine. *State v. DeHass*, 10 Ohio St.2d 230, (1967), paragraph one of the syllabus. "In reaching its verdict, the jury was in the best position to evaluate the credibility of the witnesses and it was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 2013-Ohio-5368, ¶ 29 (9th Dist.). Upon review of the record, we cannot say this is an exceptional case in which the evidence weighs heavily against the conclusion that the State disproved Mr. Massey's claim of self-defense. "This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's version of the events." *State v. Harris*, 2024-Ohio-196, ¶ 19 (9th Dist.). Mr. Massey's assignment of error is overruled.

STATE OF OHIO'S ASSIGNMENT OF ERROR

> THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW BECAUSE THE COURT FAILED TO IMPOSE PRISON TERMS FOR THE TWO MOST SERIOUS FIREARM SPECIFICATIONS AS REQUIRED BY R.C. 2929.14(B)(1)(G).

**{¶10}** In its cross-appeal, the State assigns as error that the trial court incorrectly denied its request for the court to impose prison terms for two firearm specifications and order them to be

served consecutively. This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. *See also* R.C. 2953.08(G)(2).

{¶11} Revised Code Section 2929.14(B)(1)(g) concerns offenders who are convicted of multiple felonies and multiple firearm specifications. If one of the felonies was a type of offense listed in the section, the sentencing court must impose a prison term "for each of the two most serious specifications of which the offender is convicted . . . ." *Id.* In *State v. Bollar*, 2022-Ohio-4370, the Ohio Supreme Court explained that Section 2929.14(B)(1)(g) "requires that [an] offender receive prison terms for each of the two most serious firearm specifications when the offender pleads guilty to multiple felony offenses (and at least one of those is a felony listed in the statute) and also pleads guilty to multiple accompanying specifications." *Id.* at ¶ 19. If a defendant has been found guilty of multiple offenses and multiple specifications, "he must receive prison terms for the two most serious specifications to which he pleaded guilty." *Id.*

{¶12} In this case, Mr. Massey was convicted of felonious assault, which is one of the felony types listed in Section 2929.14(B)(1)(g), as well as other felonies and multiple firearm specifications. The trial court, however, only sentenced him on one of the firearm specifications. That was incorrect. *Id.* Mr. Massey argues that the State forfeited its argument by failing to object after the trial court announced its sentence, but the State cannot forfeit a court's failure to comply with a sentencing statute. *State v. Rankin*, 2024-Ohio-1570, ¶ 6 (9th Dist.).

{¶13} Upon review of the record, we conclude that Mr. Massey's sentence is contrary to law. We, therefore, vacate his sentence and remand this matter for resentencing on two of the

firearm specifications under Section 2929.14(B)(1)(g). *See Fleckenstein*, 2023-Ohio-4347, at ¶ 45. The State's assignment of error is sustained.

III.

**{¶14}** Mr. Massey's assignment of error is overruled. The State's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant/Cross-Appellee.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.


APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant/Cross-Appellee.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSAY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.