[Cite as *State v. Smith*, 2024-Ohio-5986.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

---

**STATE OF OHIO,**

    **PLAINTIFF-APPELLEE,**

  **v.**

**RICHARD ALLEN SMITH, JR.,**

    **DEFENDANT-APPELLANT.**

**CASE NO. 14-23-43**

**O P I N I O N**

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2021-CR-0134**

**Judgment Affirmed**

**Date of Decision: December 23, 2024**

---

**APPEARANCES:**

    *Kyle Phillips* **for Appellant**

    *Samantha Hobbs* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant Richard A. Smith, Jr. ("Smith"), appeals the November 28, 2023 judgment of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This court recited much of the factual and procedural background of this case in Smith's initial direct appeal, and we will not duplicate those efforts here. *See State v. Smith*, 2023-Ohio-3015, ¶ 1-16 (3d Dist.). Relevant to this appeal, this case arises from a July 11, 2021 incident in which Smith and his nephew, Timothy Smith ("Timothy"), engaged in an argument that turned violent and resulted in Smith drawing a handgun and shooting Timothy one time in the stomach, seriously injuring him.

{¶3} On July 15, 2021, Smith was indicted on seven counts: Count One of attempted murder in violation of R.C. 2923.02(A), (D) and 2929.02(B), a first-degree felony; Count Two of felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a second-degree felony; Count Three of felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony; Count Four of aggravated assault in violation of R.C. 2903.12(A)(2), (B), a fourth-degree felony; Count Five of domestic violence in violation of R.C. 2919.25(A), (D)(3), a fourth-degree felony; and Count Six of having weapons while under disability in violation of R.C. 2923.13(A)(4), (B), a third-degree felony; and Count Seven of using weapons while intoxicated in violation of R.C. 2923.15(A), (B), a first-degree misdemeanor.

Counts One through Five included three-year firearms specifications pursuant to R.C. 2941.145(A).

{¶4} A jury trial was held on March 28-30, 2022. After the commencement of trial, the court granted the State's motion to dismiss Count Four (aggravated assault). The jurors were unable to reach a verdict on Count Six (having weapons while under disability), and the trial court declared a mistrial on that charge. The jury returned guilty verdicts on the remaining five charges and the four associated firearm specifications.

{¶5} At a sentencing hearing conducted on May 31, 2022, the trial court found that Smith's convictions for felonious assault merged with one another and with his convictions for domestic violence and attempted murder. The State elected to proceed on Count One (attempted murder). The trial court sentenced Smith to an indefinite term of 8 to 12 years in prison on Count One with an additional 3 years in prison for the firearm specification associated with Count One, and 180 days in jail for Count Seven. The trial court ordered the term for the firearm specification to be served prior to and consecutively to the sentence imposed on Count One, and further ordered the sentence for Count Seven to be served concurrently to the sentence for Count One for an aggregate term of 11 years to 15 years in prison.

{¶6} Smith filed an initial direct appeal raising four assignments of error. The State filed a cross-appeal where it argued the trial court erred by only imposing a sentence for one firearm specification. *Smith*, 2023-Ohio-3015, at ¶ 79. In an

August 28, 2023 opinion, this Court rejected Smith's four assignments of error. *Id.* at ¶ 43, 54, 63, 78, 86. However, we found the trial court erred by merging the two most serious gun specifications and only sentencing Smith on one firearm specification. *Id.* at ¶ 85. Accordingly, we sustained the assignment of error in the State's cross appeal and remanded the matter to the trial court for resentencing. *Id.* at ¶ 85-86.

{¶7} At a resentencing hearing held on November 28, 2023, the trial court sentenced Smith to 3 years in prison for the firearm specification associated with Count One, 3 years in prison for the firearm specification associated with Count Two, an indefinite term of 8 to 12 years in prison on Count One, and 180 days in jail on Count Seven. The trial court ordered the sentences for the firearms specifications be served consecutively to each other and consecutively to the sentence imposed on Count One. Further, the court ordered the sentence for Count Seven to be served concurrently to the sentence imposed on Count One for an aggregate term of 14 years to 18 years in prison. The trial court filed its judgment entry of resentencing that same day.

{¶8} On December 27, 2023, Smith filed his notice of appeal. He raises two assignments of error for our review.

**First Assignment of Error**

**Resentencing Appellant Richard Smith to multiple three (3) year firearm specifications for firing a single shot violates the prohibition against cruel and unusual punishment in the Eighth**

**Amendment to the United States Constitution and Article I, Section 9 of the Ohio Constitution.**

{¶9} In his first assignment of error, Smith argues that his sentence constitutes cruel and unusual punishment in violation of both the United States and Ohio Constitutions. His argument is premised on the additional three-year sentence imposed for the firearm specification associated with Count Two. He contends that punishment for a second firearm specification is cruel and unusual considering he only fired a single shot during the incident with Timothy. For the reasons that follow, we disagree.

{¶10} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶11} The Eighth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution contains identical language. "A key component of the Constitution's prohibition against cruel and unusual

punishment is the 'precept of justice that punishment for crime should be graduated and proportioned to [the] offense.'" *State v. Moore*, 2016-Ohio-8288, ¶ 31, quoting *Weems v. United States*, 217 U.S. 349, 367 (1910). "Eighth Amendment violations are rare." *State v. Weitbrecht*, 86 Ohio St.3d 368, 371 (1999). With respect to gross proportionality, the Supreme Court of Ohio has stated that that """[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person"" and furthermore that "'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.""" *State v. Hairstron*, 2008-Ohio-2338, ¶ 14, quoting *Weitbrecht* at 371, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70 (1964), and citing *State v. Chaffin*, 30 Ohio St.2d 13 (1972), paragraph three of the syllabus.

{¶12} R.C. 2929.14(B)(1)(b) states that "[e]xcept as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction." However, this general rule is subject to the exception outlined in R.C. 2929.14(B)(1)(g), which states as follows:

> If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term

specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

**{¶13}** Thus, the plain language of the statute requires the trial court to impose a prison term for each of the two most serious firearm specifications when the offender is convicted of two or more felonies and one of the felonies is a felony listed in the statute. *State v. Bollar*, 2022-Ohio-4370, ¶ 19. Here, the jury found Smith guilty of four felony offenses, three of which are listed in R.C. 2929.14(B)(1)(g), to wit: attempted murder and two counts of felonious assault. Smith was also found guilty of the three-year firearm specifications associated with the four felony offenses. Accordingly, as we determined in Smith's direct appeal, the instant case falls within the exception set forth in R.C. 2929.14(B)(1)(g). *Smith*, 2023-Ohio-3015, at ¶ 82.

**{¶14}** On resentencing, the trial court sentenced Smith to three years in prison for the firearm specification associated on Count One, three years in prison for the firearm specification associated with Count Two, an indefinite term of 8 to 12 years in prison on Count One, and 180 days in jail for Count Seven. The trial court ordered the sentences for the firearm specifications to be served prior to and consecutively to each other and to the sentence imposed on Count One with the sentence for Count Seven being served concurrently with the sentence for Count Seven for an aggregate term of 14 to 18 years in prison.

{¶15} Now, Smith argues that because he only fired a single shot, the imposition of consecutive sentences for two firearm specifications renders his sentence so disproportionate that it constitutes cruel and unusual punishment in violation of the Eighth Amendment. We disagree.

{¶16} First, the Supreme Court of Ohio's decision in *State v. Bollar* specifies that R.C. 2929.14(B)(1)(g) requires the offender to receive prison terms for the two most serious firearm specifications when the offender is found guilty or pleads guilty to several felony offenses and at least one of which is a felony specified by the statute and also is found guilty of multiple accompanying offenses and that the statute "makes no exception to the application of its provisions when one of the underlying felony offenses has been merged." *Bollar*, 2022-Ohio-4370, at ¶ 19. "Neither the trial court nor this Court has the authority to disregard a decision of the Supreme Court of Ohio." *State v. Fleckenstein*, 2024-Ohio-5247, ¶ 8 (9th Dist.), citing *State v. Darr*, 2018-Ohio-2548, ¶ 39 (9th Dist.). Furthermore, in addressing other parallel constitutional challenges to R.C. 2929.14(B)(1)(g), "'[t]he Supreme Court specifically held that a firearm specification survives merger under the plain language of R.C. 2929.14(B)(1)(g) and that there is no violation of double jeopardy when a trial court complies with the statute in imposing a separate sentence on such a specification." *Id.*, quoting *State v. Fisher*, 2024-Ohio-4484, ¶ 230 (8th Dist.).

{¶17} We are unpersuaded by Smith's argument, inventive though it is, that his sentence constitutes cruel and unusual punishment in violation of the Eighth

Amendment because the firearm specifications are the result of a single gunshot. "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle*, 1 Ohio St.2d at 69. Because the sentence imposed is authorized by R.C. 2929.14(B)(1)(g), which has not been found unconstitutional or invalid, the trial court's sentence is not cruel and unusual punishment. *State v. Hagwood*, 2023-Ohio-3970, ¶ 43 (8th Dist.) ("Since the sentence imposed upon Hagwood is within the terms of R.C. 2929.14(B)(1)(g), which has not been found unconstitutional or invalid, the court's sentence cannot be considered cruel and unusual punishment.").

{¶18} As noted by the Supreme Court of Ohio, "[t]his application of the plain language of the statute furthers the apparent legislative goal in enacting R.C. 2929.14(B)(1)(g)." *Bollar* at ¶ 20. "In requiring offenders . . . to be subject to separate prison terms for multiple firearm specifications, the General Assembly appears to have acknowledged that the use of firearms in certain violent crimes should carry a hefty penalty." *Id.* The Supreme Court noted that "[i]f the General Assembly determines that this should no longer be the law in Ohio, the legislature may use its discretion to amend R.C. 2929.14(B)(1)(g) to require a different approach." *Id.* Additionally, the Supreme Court of Ohio has acknowledged that "[t]he purpose of a firearm specification is to enhance the punishment of criminals who voluntarily introduce a firearm while committing an offense and to deter criminals from using firearms." *State v. White*, 2015-Ohio-492, ¶ 31. "In enacting

firearm specifications, the General Assembly recognized that 'a criminal with a gun is both more dangerous and harder to apprehend than one without a gun.'" *Id.*, quoting *State v. Powell*, 59 Ohio St.3d 62, 63 (1991). The sentences imposed for the firearm specifications in the instant case reflect the intent of the legislature to enhance the punishment for offenders like Smith who use a firearm to further their criminal actions. The Supreme Court of Ohio has "instructed that 'reviewing courts should grant substantial deference to the broad authority that legislatures possess in determining the types and limits of the punishments for crimes.'" *Hairston*, 2008-Ohio-2338, at ¶ 22, quoting *Weitbrecht*, 86 Ohio St.3d at 373-374.

{¶19} Further, Smith's sentence, including the specifications, was within the range set forth, a fact he does not challenge. R.C. 2923.02(A), (E); R.C. 2929.02(B); R.C. 2929.14(A)(1)(a). Additionally, here, Smith's firearm specifications were the result of Smith shooting, striking, and seriously injuring Timothy. Indeed, one need not discharge a firearm at all to be found guilty of a firearm specification. *See* R.C. 2941.145 (requiring the court to find that "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense"). Smith's success in striking the victim with his first shot does not render his punishment disproportionate in such a way as to violate the Eighth Amendment. Moreover, the imposition of multiple gun specifications resulting from a single shot fired is not

unique to Smith and does not override the specific mandates of R.C. 2929.14(B)(1)(g). *See State v. Massey*, 2024-Ohio-5542, ¶ 2, 12-13 (9th Dist.).

**{¶20}** Thus, for the aforementioned reasons, we do not find Smith's sentence to be grossly disproportionate or shocking to a reasonable person or to the community's sense of justice, and, therefore, does not violate the prohibition against cruel and unusual punishment. *See Hairston* at ¶ 23.

**{¶21}** Smith's first assignment of error is overruled.

### Second Assignment of Error

**Trial court erred and failed to conduct a de novo sentencing hearing as required by law, thereby denying Appellant Richard Smith his rights to Due Process and Equal Protection of the Law when it resentenced Appellant Richard Smith by summarily adding an additional three (3) year firearm specification.**

**{¶22}** In his second assignment of error, Smith argues that the trial court erred by not conducting a de novo sentencing hearing as a result of our remand of the initial sentencing to the trial court.

**{¶23}** In our August 28, 2023 opinion, we determined that the trial court erred by merging the firearm specifications in contravention of R.C. 2929.14(B)(1)(g). Specifically, we stated:

> In the case presently before this Court, the trial court was required to "impose on the offender the prison term specified under [R.C. 2929.14(B)(1)(a)] . . . for each of the two most serious specifications of which the offender [wa]s convicted . . ." R.C. 2929.14(B)(1)(g). In this case, the trial court imposed a prison term for only one firearm specification. As a result, this portion of [Smith's] sentence is contrary to law. For this reason, we vacate the trial court's sentence

to the extent that it merged the two most serious gun specifications. This matter is remanded for the purpose of allowing the trial court to resentence [Smith]. *See State v. Ross*, 2023-Ohio-1185, ¶ 63 (9th Dist.). The State's sole cross-assignment of error is sustained.

*State v. Smith*, 2023-Ohio-3015, ¶ 85 (3d Dist.).

{¶24} On remand from the State's cross-appeal, on November 28, 2023, the trial court conducted a resentencing hearing. At that hearing, the State and the trial court expressed their understanding that the resentencing hearing was limited to the issue of the merger of the two most serious firearm specifications. (Nov. 28, 2023 Tr. at 3-5, 7-9). Smith's counsel argued that the trial court "has the ability to . . . resentence [Smith] in any way the [trial] court feels is appropriate," conceding that the trial court has to impose two gun specifications required by R.C. 2929.14(B)(1)(g). (Nov. 28, 2023 Tr. at 5-6). Smith's counsel then reviewed the R.C. 2929.12 factors, framing them in a manner favorable to Smith. (Nov. 28, 2023 Tr. at 6-7, 10). The trial court also allowed Smith's trial counsel to play a recording of the victim recalling the incident. (*Id.* at 9-10). The trial court gave Smith the opportunity to speak prior to the resentencing, which Smith declined. (*Id.* at 10).

{¶25} The trial court then announced its sentence. (*Id.* at 10). The trial court found the same sentencing factors to be present as it did before, and, likewise, restated the consecutive-sentencing findings. (*Id.* at 10-11). The sentence imposed was consistent with the original sentence, except for the imposition of a three-year prison term for the firearm specification associated with Count Two which was to

be served consecutively to the sentence for the firearm specification associated with Count One and to the sentence associated with Count One for an aggregate sentence of 14 to 18 years in prison. (*Id.* at 11-12).

{¶26} After reviewing the record, we find that the resentencing hearing complied with our directive in *State v. Smith*, 2023-Ohio-3015. Notably, we vacated Smith's sentence "to the extent that it merged the most serious gun specifications." *Smith* at ¶ 85. "Errors that require resentencing require the trial court 'to proceed on remand to the point at which the error occurred.'" *State v. Gales*, 2023-Ohio-2753, ¶ 5 (9th Dist.), quoting *State v. Goff*, 2018-Ohio-3763, ¶ 20. Thus, when this Court concluded that the trial court erred by failing to impose a sentence for a second firearm specification, the scope on remand is limited to that issue. *Id. See State v. Stubbs*, 2020-Ohio-4536, ¶ 20 (6th Dist.). Accordingly, under the facts and circumstances in this case, we do not find Smith's argument to be well taken.

{¶27} Smith's second assignment of error is overruled.

### Conclusion

{¶28} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

***Judgment Affirmed***

**WALDICK and ZIMMERMAN, J.J., concur.**

**/jlm**